IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-HC-2205-FL

| | | |
|---|---|---|
| PEDRO QUIROC BERNAL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| FRANK PERRY, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

The matter came before the court on respondent's motion for summary judgment (DE 6) pursuant to Federal Rule of Civil Procedure 56. The issues raised have been fully briefed and are ripe for adjudication. For the following reasons, the court grants respondent's motion.

**STATEMENT OF CASE**

On March 8, 2012, petitioner pleaded guilty, in the Pitt County Superior Court, to one count of trafficking 200 to 400 grams of cocaine by possession, two counts of selling cocaine, and one count of selling marijuana. (Pet. Attach. II, p. 17.) On November 13, 2012, judgment was entered and petitioner was sentenced to consecutive terms of 70-84 and 8-10 months imprisonment. (Id. pp. 23-26.) Petitioner did not file a direct appeal.

On September 30, 2013, petitioner filed a *pro se* motion for appropriate relief ("MAR") in the Pitt County Superior Court. (Pet. Attach. I, p. 33.) The superior court denied petitioner's MAR on October 15, 2013. (Id. p. 32.) Petitioner then filed a motion for reconsideration, which was summarily denied. (Id. pp. 25, 26.) On January 9, 2014, petitioner filed a *pro se* petition for a writ

of mandamus in the North Carolina Court of Appeals, which was denied on January 24, 2014. (Id. pp. 16, 17.)

On February 5, 2014, petitioner filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Middle District of North Carolina. Petitioner raised the following claims in his § 2254 petition: (1) his criminal proceedings violated his rights pursuant to the Vienna Convention and the Due Process Clause of the Fourteenth Amendment to the United States Constitution; (2) his sentences were grossly disproportionate in violation of the Eighth Amendment to the United States Constitution; (3) he received ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution; and (4) his rights pursuant to the Due Process Clause were violated because his guilty plea was invalid, unknowing, involuntary, and without a factual basis.

On July 25, 2014, respondent filed a motion for summary judgment. In his motion, respondent argued that the petition should be transferred to this court pursuant to the inter-jurisdictional agreement order. Alternatively, respondent argued that petitioner's claims are meritless. The motion was fully briefed.

On September 30, 2014, the court in the Middle District transferred the instant action to this court. The motion for summary judgment remained pending. On December 8, 2014, the court entered an order allowing petitioner to proceed with his action in this court. The court also allowed respondent an opportunity to supplement his motion for summary judgment, and permitted petitioner an opportunity to respond. On December 19, 2014, respondent filed a memorandum stating his intention to rely upon his original motion for summary judgment. Petitioner did not respond.

## DISCUSSION

A. Motion for Summary Judgment

1. Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

The standard of review for habeas petitions brought by state inmates, where the claims have been adjudicated on the merits in the state court, is set forth in 28 U.S.C. § 2254(d). That statute states that habeas relief cannot be granted in cases where a state court considered a claim on its merits unless the decision was contrary to or involved an unreasonable application of clearly established federal law as determined by the United States Supreme Court, or the state court decision was based on an unreasonable determination of the facts. See 28 U.S.C. § 2254(d)(1) and (2). A state court decision is "contrary to" Supreme Court precedent if it either arrives at "a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite" to that of the Supreme Court. Williams v. Taylor, 529 U.S. 362, 406 (2000). A state court

decision "involves an unreasonable application" of Supreme Court law "if the state court identifies the correct governing legal principle from [the Supreme] Court's cases but unreasonably applies it to the facts of the state prisoner's case." Id. at 407. A state court decision also may apply Supreme Court law unreasonably if it extends existing Supreme Court precedent to a new context where it does not apply, or unreasonably refuses to extend existing precedent to a new context where it should apply. Id. The applicable statute

> does not require that a state court cite to federal law in order for a federal court to determine whether the state court's decision is an objectively reasonable one, nor does it require a federal habeas court to offer an independent opinion as to whether it believes, based upon its own reading of the controlling Supreme Court precedents, that the [petitioner's] constitutional rights were violated during the state court proceedings.

Bell v. Jarvis, 236 F.3d 149, 160 (4th Cir. 2000), cert. denied, 534 U.S. 830 (2001). Moreover, a determination of a factual issue made by a state court is presumed correct, unless rebutted by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1).

2. Analysis

a. Vienna Convention

In his first claim, petitioner, a Mexican national, asserts that his due process rights were violated because he was denied a consular visits under Article 36 of the Vienna Convention. The MAR court adjudicated this claim and determined that it was meritless.

Article 36 of the Vienna Convention provides:

> [I]f he so requests, the competent authorities in the receiving State shall, without delay, inform the consular post of the sending State if, within its consular district, a national of that State is arrested or committed to prison or to custody pending trial or is detained in any manner. Any communication addressed to the consular post by the person arrested, in prison, custody or detention shall be forwarded by the said

> authorities without delay. The said authorities shall inform the person concerned without delay of his rights under this subparagraph[.]

Vienna Convention on Consular Relations, art. 36(1)(b), Apr. 24, 1963, 21 U.S.T. 77, 596 U.N.T.S. 261.

The Fourth Circuit Court of Appeals has expressed skepticism, in dicta, that Article 36 confers individual rights. United States v. Al–Hamdi, 356 F.3d 564, 574 n.13 (4th Cir. 2004) (stating that it is "doubtful" that the Vienna Convention creates individual rights for consular notification violations). The Supreme Court has repeatedly avoided the issue. See, e.g., Medellin v. Texas, 552 U.S. 491, 506 n. 4 (2008); Sanchez–Llamas v. Oregon, 548 U.S. 339, 342–43 (2006). Thus, it is unlikely that Article 36 confers individual rights. However, even if the Vienna Convention creates individually enforceable rights, an individual asserting a violation of such rights must, at a minimum, show resulting prejudice in order to prevail. See Medellin, 544 U.S. at 665 n.3 ("[A] successful Vienna Convention claimant likely must demonstrate prejudice.")

Here, the record reflects that petitioner failed to demonstrate he was actually harmed by the lack of consular notification concerning his arrest. In addition, as will be discussed more fully *infra.*, petitioner was provided with effective legal representation during his criminal proceedings, and his constitutional rights were safeguarded. Based upon the foregoing, petitioner has not demonstrated that the MAR court's adjudication of this claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Likewise, the state court's ruling was not based on an unreasonable determination of facts, in light of the evidence presented in the state-court

proceeding. See 28 U.S.C. § 2254(d)-(e). Thus, respondent is entitled to summary judgment for this claim.[1]

b. Disproportionate Sentences

In his second claim, petitioner contends that his 70-84 month sentence for one count of trafficking 200-400 grams of cocaine, plus his 8-10 month sentence for two counts of selling cocaine and one count of selling marijuana is grossly disproportionate to the crimes for which he was convicted in violation of the Eighth Amendment. The MAR court adjudicated this claim and denied it as meritless.

The United States Supreme Court in Harmelin v. Michigan, 501 U.S. 957 (1991), held that the Eighth Amendment does not contain a proportionality guarantee. Harmelin, 501 U.S. at 965. "Rather, it forbids only extreme sentences that are grossly disproportionate to the crime." Id. at 1001 (citing Solem v. Helm, 463 U.S. 277, 288 (1983)). "Outside the context of capital punishment, successful challenges to the proportionality of particular sentences have been exceedingly rare." Rummel v. Estelle, 445 U.S. 263, 272 (1980). Petitioner's claim does not fit within the exceedingly rare parameters because his sentence is not more extreme or disproportionate than other sentences previously upheld under the Eighth Amendment. See e.g., Harmelin, 501 U.S. at 996 (upholding sentence of life without possibility of parole for first felony offense consisting of possession of 672 grams of cocaine); Hutto v. Davis, 454 U.S. 370, 372-73 (1982) (holding that 40 year sentence for possession with intent to distribute nine ounces of marijuana was not disproportionally severe); Ragland v. Hundley, 79 F.3d 702 (8th Cir. 1996), cert. denied, 519 U.S. 850 (1996) (upholding

[1] Petitioner's claim pursuant to the Vienna Convention also is barred by his guilty plea. See Tollett v. Henderson, 411 U.S. 258, 267 (1973) (stating that a voluntary guilty plea normally forecloses an attack based on any antecedent, non-jurisdictional errors).

sentence of life without parole for felony murder even though defendant claimed he did not intend to kill the victim and was not the one who struck the fatal blow); United States v. Valdez, 16 F.3d 1324, 1334 (2d Cir. 1994), cert. denied sub nom., Mock v. United States, 513 U.S. 810 (1994) (upholding sentence of life without parole for "merely middle-level drug dealers"); and Rummel, 445 U.S. at 285 (upholding life sentence under state recidivist statute, where the predicate offenses were for fraudulent use of a credit card to obtain $80.00 worth of goods, passing a forged check in the amount of $28.36, and obtaining $120.75 by false pretenses).

A petitioner bears the burden of demonstrating the objectively unreasonable nature of the state court decision. Woodford v. Viscotti, 537 U.S. 19, 25 (2002). Petitioner has not provided any evidence in support of his claim which indicates that the sentence imposed is "grossly disproportionate" to his crimes. For this reason, petitioner has not demonstrated that the MAR court's adjudication of this claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Likewise, the state court's ruling was not based on an unreasonable determination of facts, in light of the evidence presented in the state-court proceeding. See 28 U.S.C. § 2254(d)-(e). Accordingly, respondent's motion for summary judgment is GRANTED as to this claim.

c. Ineffective Assistance of Counsel

In his third claim, petitioner alleges that he received ineffective assistance of counsel in violation of the Sixth Amendment. Petitioner alleges several individual grounds of ineffective assistance of counsel, including that his counsel failed to investigate the elements of petitioner's crimes, failed to present exculpatory evidence, failed to contact the Mexican embassy, and failed

to appeal the consecutive nature of his sentences. The MAR court adjudicated these claims and summarily denied them on the merits. The court will now address petitioner's ineffective assistance of counsel claims in turn.

To state a claim of ineffective assistance of counsel in the context of a guilty plea, a petitioner must satisfy a two-pronged test. Strickland v. Washington, 466 U.S. 668, 686-87 (1984). First, a petitioner must show that the representation he received fell below an objective standard of reasonableness. Id. at 688. This court must be "highly deferential" of counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. For the second prong, a petitioner must show that he was prejudiced by the ineffective assistance by showing "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

The court begins with petitioner's contention that his counsel failed to investigate the elements of his crimes to the fullest and failed to present exculpatory evidence. The record reflects that petitioner testified at his plea hearing that he discussed his case fully with his lawyer, that his lawyer explained the nature of the charges, each element of the offenses, as well as possible defenses. See (Pet. p. 17.) Petitioner testified that he was satisfied with his attorney's services, and that he was entering his plea of his own free will without any undue outside influence. (Id.) He also agreed that no person made any promises or threatened him in any way to cause him to enter the plea against his wishes. (Id.) Petitioner further testified that he was not under the influence of alcohol, drugs, narcotics, medicines, or pills. (Id. p. 17.) Petitioner testified that there was a factual basis

for his plea and that he was in fact guilty of the offenses at issue. (Id. pp. 18, 19.) Additionally, petitioner's plea agreement specifically stated:

> Defendant will plead guilty to one count of Trafficking in Cocaine by Possession More than 200 gms but less than 400 gms, two counts of selling cocaine and one count of selling marijuana. Sentencing will be continued until such date as the State may Pray Judgement. At sentencing, Defendant will receive a maximum of two consecutive sentences.

(Id. p. 19.) After listening to petitioner's response to the guilty plea colloquy in open court and observing petitioner's demeanor, the trial court judge found as a fact that petitioner was competent to stand trial. Id.

Absent extraordinary circumstances, these solemn in-court representations should be deemed conclusive. Via v. Superintendent, Powhatan Corr. Ctr., 643 F.2d 167, 171 (4th Cir. 1981); see also Blackledge v. Allison, 431 U.S. 63, 73-74 (1977); Little v. Allsbrook, 731 F.2d 238, 239-40 n.2 (4th Cir. 1984). Petitioner, in this case, has not presented any evidence to demonstrate that his counsel failed to investigate his claims or failed to produce any exculpatory evidence. Accordingly, petitioner has not established extraordinary circumstances, and his in-court representations during his guilty plea hearing are deemed conclusive and the plea is found to have been knowingly and voluntarily entered with the advice of competent counsel. Thus, the court finds that petitioner's counsel was not constitutionally ineffective on these grounds.

The court next turns to petitioner's contention that his counsel failed to contact the Mexican embassy. As set forth above in connection with petitioner's Vienna Convention claim, petitioner has not produced any evidence of prejudice due to his counsel's alleged failure to contact the Mexican embassy. See Medellin, 552 U.S. at 506 n. 4; Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) ("Unsupported, conclusory allegations do not entitle habeas petitioner to an evidentiary

hearing."), overruled on other grounds by, Yeatts v. Angelone, 166 F.3d 255 (1996). Thus, the court finds that petitioner's counsel was not constitutionally ineffective on these grounds.

Finally, the court addresses petitioner's contention that his counsel failed to appeal the consecutive nature of petitioner's sentences. Petitioner appears to allege that his counsel failed to notify petitioner that petitioner had a right to appeal. The United States Supreme Court in Roe v. Flores-Ortega, 528 U.S. 470 (2000), discussed an attorney's obligation to consult with his client about an appeal. In particular, the court in Flores-Ortega, provided:

> counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.

Flores–Ortega, 528 U.S. at 480. In assessing whether an attorney had a constitutional duty to consult,

> the Court [in Flores-Ortega] indicated that several factors were relevant, including whether the conviction followed a trial or guilty plea. In cases involving guilty pleas, the Court instructed lower courts to consider whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived appeal rights.

United States v. Poindexter, 492 F.3d 263, 268 (4th Cir. 2007) (internal quotation marks omitted).

Here, petitioner has not presented evidence to establish either prong of the Flores-Ortega test. First, petitioner has provided no evidence to establish that a rational defendant in his position would have wanted to file an appeal. Rather, the evidence in the record suggests otherwise. For instance, petitioner's guilty plea transcript reflects that the trial court judge specifically advised petitioner of his right to appeal and that if petitioner pled guilty there would be limitations on that right.

(Pet. Attach. II, p. 17.) Petitioner swore that he understood the limitations on his right to appeal. (Id.) Moreover, the record reflects that petitioner received a sentenced within the terms set forth in his plea agreement, including the specific term that petitioner would receive a consecutive sentence. (Pet. p. 19.) Thus, petitioner failed to establish that a rational defendant in his circumstances would have wanted to file an appeal.

Petitioner, secondly, does not argue that he expressed interest in filing an appeal or directed his counsel to file an appeal on his behalf. Trial counsel does not provide ineffective assistance by failing to notice an appeal in the absence of a request to do so from the client. See Wood v. Woodson, No. 3:14–cv–136–JAG, 2014 WL 5410633, at *5 (E.D. Va. Oct. 23, 2014) (rejecting ineffective assistance claim premised on failure to file appeal where no facts showed the petitioner never requested counsel to appeal). Because there is no evidence that petitioner reasonably demonstrated to his counsel that he was interested in appealing, petitioner cannot establish the second prong of the Flores-Ortega test. Thus, counsel did not breach any duty to consult with petitioner regarding petitioner's appellate rights.

Based upon the foregoing, the MAR court's adjudication of petitioner's ineffective assistance of counsel claims and challenge to the knowing and voluntary nature of his plea agreement did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Likewise, the state court's ruling was not based on an unreasonable determination of facts, in light of the evidence presented in the state-court proceeding. See 28 U.S.C. § 2254(d)-(e). Thus, the court grants respondent's motion for summary judgment as to petitioner's ineffective assistance of counsel claims.

d. Voluntariness of Guilty Plea

In his final claim, petitioner alleges that his guilty plea was not knowing and voluntary because the sentence he received exceeded the sentence he bargained for–a sentence of no more than 35 to 42 months in the mitigated range. Petitioner also alleges that there was no factual basis for his plea. The MAR court adjudicated this claim and determined that it was meritless.

As stated above with respect to petitioner's ineffective assistance of counsel claim, the record reflects that petitioner's plea was knowing and voluntary. Further, the record reflects that petitioner was informed that his sentences could run consecutively and that he could be held responsible for selling 200 to 400 grams of cocaine.[2] (Pet. p. 19.) The record also reflects that petitioner agreed that there was a factual basis for his guilty plea. (Id.) Based upon the foregoing, the MAR court's adjudication of this claim did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Likewise, the state court's ruling was not based on an unreasonable determination of facts, in light of the evidence presented in the state-court proceeding. See 28 U.S.C. § 2254(d)-(e). Thus, the court grants respondent's motion for summary judgment as to this claim.

[2] In response to respondent's motion for summary judgment, petitioner asserts that he provided substantial assistance to the State and that he did not receive the benefit of his bargain, which was concurrent sentences. (Pet.r's Resp. p. 5.) Petitioner's contention, however, contradicts the terms of petitioner's plea agreement which stated that petitioner would receive a maximum of two consecutive sentences. (Pet. Attach. II, p. 19.) Petitioner has not presented any evidence to substantiate his contention that he otherwise bargained for concurrent sentences, and his conclusory allegations are insufficient to warrant habeas relief. See Nickerson, 971 F.2d at 1136 ("Unsupported, conclusory allegations do not entitle habeas petitioner to an evidentiary hearing.").

B. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondent is entitled to dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

**CONCLUSION**

For the foregoing reasons, respondent's motion for summary judgment (DE 6) is GRANTED. The certificate of appealability is DENIED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 26th day of February, 2014.

LOUISE W. FLANAGAN
United States District Judge